1  HELEN L. DUNCAN (State Bar No. 101661)
   ALLYSON S. TAKETA (State Bar No. 167331)
2  MELISSA S. MacPHERSON (State Bar No. 233884)
   FULBRIGHT & JAWORSKI L.L.P.
3  555 South Flower St., 41st Floor
   Los Angeles, California  90071
4  Telephone:  (213) 892-9200
   Facsimile:  (213) 892-9494
5  Email:  hduncan@fulbright.com
   Email:  ataketa@fulbright.com
6  Email:  mmacpherson@fulbright.com

7  Attorneys for Defendants
   BAYERISCHE HYPO- UND VEREINSBANK AG
8  and HVB U.S. FINANCE INC.

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | JOHN C. REZNER, an individual,                    ) Civil Action No.  C 06 2064 JW HRL
                                                      )
13 |                Plaintiff,                         ) **STIPULATION TO CONTINUE INITIAL
                                                      ) CASE MANAGEMENT CONFERENCE
14 |        v.                                         ) AND RELATED DEADLINES;
                                                      ) [PROPOSED] ORDER**
15 | BAYERISCHE HYPO-UND                               )
     VEREINSBANK AG, a corporation; HVB                ) [N.D.L.R. 16-2 (d)]
16 | STRUCTURED FINANCE, INC., a                       )
     corporation; RANDALL S. BICKHAM, an               )
17 | individual; SKYLINE ADVISORY                      ) Current CMC
     SERVICES, LLC, a limited liability                ) Date:      January 8, 2007
18 | corporation; and DOES ONE THROUGH                 ) Time:      10:00 a.m.
     THIRTY, inclusive,                                ) Ctrm.:     8, 4th Floor
19 |                                                   )
20 |                Defendants.                        )
                                                      )
21 | _____)

22

23

24

25

26

27

28

Counsel for Plaintiff John C. Rezner ("Plaintiff") and Defendants Bayerische Hypo- und Vereinsbank AG and HVB U.S. Finance Inc. (collectively "the HVB Defendants") have met and conferred concerning the Case Management Conference pursuant to L.R. 16-2(d). No other defendants have been served or have appeared in this matter.

## RECITALS

A.  On July 20, 2006, the HVB Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint ("the Motion"), which was set for hearing on September 11, 2006.

B.  On July 26, 2006, the Court continued the hearing on the Motion from September 11, 2006 to October 2, 2006 and also continued the September 11, 2006 initial Case Management Conference ("CMC") to October 2, 2006.

C.  On September 12, 2006, the Court approved the parties' stipulation to continue the October 2, 2006 hearing date for the Motion and the CMC and also to continue the deadline to meet and confer regarding initial disclosures, early settlement, ADR process selection and discovery plan, the deadline to file the Joint ADR Certification with Stipulation to ADR Process of Notice of Need for ADR Phone Conference, and the deadline to complete initial disclosures ("the CMC-Related Requirements"). The hearing date for the Motion and the CMC were continued to October 30, 2006, with the CMC Statement due on October 20, 2006. The Court also continued the deadline for CMC-Related Requirements to November 30, 2006.

D.  The opposition and reply briefs in connection with the Motion were filed on September 19, 2006 and October 16, 2006, respectively.

E.  On October 25, 2006, the Court approved the parties' stipulation to continue the initial CMC to December 4, 2006, with the CMC Statement due on November 27, 2006.

F.  On October 25, 2006, the Court also vacated the October 30, 2006 hearing date for the Motion and took the Motion under submission without oral argument.

1    G.   On November 28, 2006, the Court on its own motion continued the initial
2 CMC from December 4, 2006 to January 8, 2007.

3    H.   On November 29, 2006, based on the Court's continuance of the initial
4 CMC to January 8, 2007, and anticipating that the Court's ruling on the submitted Motion
5 would impact whether the CMC-Related Requirements would be required and/or the
6 scope of such requirements, the parties stipulated to the continuance of the CMC-
7 Related Requirements and CMC Statement filing deadline from November 30, 2006 to
8 January 2, 2007.

9    I.   On November 30, 2006, the Court approved the stipulation and continued
10 the deadline for the CMC-Related Requirements to January 2, 2007. Accordingly, at this
11 time, the CMC-Related Requirements and CMC Statement filing deadline is January 2,
12 2006, while the CMC is scheduled for January 8, 2006.

13    J.   The parties believe that the Court's ruling on the Motion could significantly
14 impact whether and how this case proceeds. If the Court rules that it lacks jurisdiction
15 and/or that venue is improper, the case will need to be re-filed in or transferred to
16 another court. Even if the Court jurisdiction and venue are proper, because the Motion
17 raises other substantive issues, it is uncertain whether any or all of the claims will be
18 dismissed and, if so, whether the further amendment of the complaint will be permitted.

19    K.   Accordingly, at this time, without waiving any right to later seek to proceed
20 with this action without consideration of the pending Motion, the parties believe that a
21 short continuance of the CMC and the CMC-Related Requirements and CMC Statement
22 filing deadline would be beneficial so that the parties can have a better understanding as
23 to what issues remain to be addressed after the Court rules on the Motion.

24                            **STIPULATION**

25    Based on the foregoing recitals, the parties hereby stipulate and agree as follows:

26    1.   The initial CMC set for January 8, 2007 at 10:00 a.m. is continued to
27 January 22, 2007 at 10:00 a.m., or such other date/time as the Court may order; and

28

2. The parties' deadline to complete the CMC-Related Requirements and to file their CMC Statement is continued to January 16, 2007.

Dated: December 22, 2006

HELEN L. DUNCAN
ALLYSON S. TAKETA
MELISSA S. MAC PHERSON
FULBRIGHT & JAWORSKI L.L.P.

*/s/ Melissa S. MacPherson*
Attorneys for BAYERISCHE HYPO- UND VEREINSBANK AG and HVB U.S. FINANCE INC.

Dated: December 22, 2006

WILLIAM M. LUKENS
JENNIFER L. JONAK
LUKENS LAW GROUP

*/s/ Jennifer L. Jonak / MSM*
Attorneys for Plaintiff
JOHN C. REZNER

### [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED that:

1. The initial Case Management Conference set for January 8, 2007 at 10:00 a.m. is continued to January 22, 2007 at 10:00 a.m., or such other date and/or time as the Court may order; and

2. The time for the parties to meet and confer regarding initial disclosures, early settlement, ADR process selection and discovery plan, to file the Joint ADR Certification with Stipulation to ADR Process of Notice of Need for ADR Phone Conference, to complete initial disclosures, and to file the CMC Statement is continued to January 16, 2007.

Dated: December 22, 2006

*/s/ James Ware*
HON. JAMES WARE
United States District Court
Northern District of California

- 4 -

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Fulbright & Jaworski L.L.P., 555 South Flower Street, Suite 4100, Los Angeles, California 90071. On December 22, 2006, I served the foregoing document described as: **STIPULATION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES; [PROPOSED] ORDER** on interested parties in this action as follows:

William M. Lukens, Esq. (E-File Notification)
Jennifer L. Jonak (E-File Notification)
Lukens Law Group
One Maritime Plaza, Suite 1600
San Francisco, CA 94111
Telephone: (415) 433-3000
Facsimile: (415) 781-1034
*Attorneys for Plaintiff John C. Rezner*

Courtesy copy to:
***(Via Personal Delivery)***
The Honorable James Ware
United States District Court
Northern District of California
280 South First Street, #2112
San Jose, CA 95113-3008

☐ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

☒ **(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed in an envelope or package designated by Federal Express, with delivery fees fully paid and addressed as stated above.

☐ **(BY PERSONAL SERVICE)** I caused the aforementioned document to be personally served at the offices of all counsel as stated above.

☒ **(BY E-FILE)** I caused said document to be sent via e-mail to the Court for distribution to the interested parties at the e-mail addresses as provided to the Electronic Case Filing System pursuant to General Order No. 45.

- 5 -

1  ☐ **(BY FACSIMILE)** I caused said document to be transmitted electronically
2  to the interested parties at the facsimile numbers as stated above.
3  Executed on December 22, 2006 at Los Angeles, California.
4  ☒ **(FEDERAL)** I declare that I am employed in the office of a member of the
5  bar of this court at whose direction the service was made.

*[signature]*
Mamie Page