[COUNSEL OF RECORD LISTED ON LAST PAGE]

*E-FILED 3/20/08*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

JOHN C. REZNER, an individual,

Plaintiff,

v.

BAYERISCHE HYPO- UND VEREINSBANK AG, a corporation; HVB STRUCTURED FINANCE, INC., a corporation; DOMENICK DEGIORGIO, an individual; RANDALL S. BICKHAM, an individual; SKYLINE ADVISORY SERVICES, LLC, a limited liability corporation; and DOES ONE THROUGH THIRTY, inclusive;

Defendants.

Case No. 06-2064 JW (RS)

**AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Upon agreement of Plaintiff John C. Rezner and defendants Bayerische Hypo- und Vereinsbank AG and HVB Structured Finance, Inc. (together "HVB"),[1] it is hereby STIPULATED AND AGREED that:

1.      This Stipulation shall govern the use and dissemination of materials that have been  designated as "Confidential" pursuant to Paragraph 3 below during the course of this litigation, entitled *Rezner v. Bayerische Hypo- und Vereinsbank AG, et al.*, Case No. 06-2064 JW(RS) (the "Litigation").   The terms of this Stipulation shall also govern all information or documents previously exchanged that have been appropriately designated as "Confidential," as well as discovery materials (documents, interrogatory answers, responses to requests for admissions, depositions and exhibits) produced or obtained from any party in the course of this Litigation (collectively, the "Material") to the

---

[1]      Plaintiff and HVB shall be referred to herein collectively as the "Parties" and individually as a "Party."

extent such documents qualify for confidential treatment under the terms of Paragraph 3.

2.      All Material exchanged between and among the Parties during the course of this Litigation shall be used for purposes of evaluating and litigating claims asserted in this Litigation ("Permissible Uses") and shall not be disclosed to any other person or entity except in accordance with the terms hereof, except under the circumstances and pursuant to the terms set out in Paragraph 11 hereof. Material that is already in the possession of the Receiving Party, or which has already been made a part of the public domain or record, shall not be subject to this Stipulation.[2]  Should either Party seek to use any Material in other litigation to which he, she, or it is a party, the Parties will meet and confer in good faith to address such use, and in the absence of agreement, the Party seeking to make such use of the Material may seek relief as permitted by Paragraph 15(g) hereof.

3.      The Parties may designate any Material produced by any Party or non-party as confidential ("Confidential") in accordance with and subject to the terms of this Stipulation.  In addition, any non-party may designate any Material as Confidential in accordance with and subject to the terms of this Stipulation.  The Designating Party shall have the right to designate any Material as Confidential so long as it believes in good faith that such Material constitutes, contains or would disclose sensitive proprietary business information, a trade secret, private financial or sensitive personal information (including but not limited to social security numbers, tax returns, bank records, financial institution and accounting records) of any person or entity, including, without limitation, any customer of HVB ("Confidential Material").  A Designating Party must take care to designate those parts of material or documents that qualify as "Confidential" and if it comes to a party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted,

---

[2]      As used herein, the term "Designating Party" shall refer to any Party or non-party who produces and/or designates Material as "Confidential" and the term "Receiving Party" shall refer to any Party to whom Material designated as "Confidential" is produced.

AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER   (C 06-2064 JW)

that party must notify all other parties that it is withdrawing the mistaken designation. Parties shall not assert blanket confidentiality designations to productions, without a stipulation amongst them, and any previously produced documents that contain such blanket productions shall be replaced with a document production that contains appropriate confidentiality designations.  Failure to do so without a stipulation to the contrary, or failure to make confidentiality designations in good faith, may warrant the Designating Party to sanctions.

4.     Confidential Material shall not include any information that: (a) is already public knowledge or otherwise in the public domain, (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Stipulation (c) has come or shall come into a Receiving Party's legitimate possession from sources other than the Designating Party and other than as a direct or indirect result of theft or a breach of a confidentiality or non-disclosure agreement, or (d) has come or shall come into a Receiving Party's legitimate possession through discovery from third parties which has never been designated as Confidential Material pursuant to paragraph 3, above.

5.     The designation of Material as Confidential shall be made in the following manner:

(a)     In the case of documents or other written materials (apart from depositions or other pre-trial testimony):  by affixing (without obscuring or defacing the document) the legend "Confidential" to each page containing any Confidential Material, or by otherwise indicating via cover letter or other written communication by the Designing Party that the materials are Confidential; and

(b)     In the case of depositions or other pretrial testimony, including any exhibits introduced or discussed during such deposition or other pretrial testimony: by written notice, sent by counsel for the Designating Party to all other Parties and non-parties within thirty (30)

1    days after receiving a copy of the transcript thereof, listing the specific

2    pages and lines of the transcript that should be treated as Confidential.  If a

3    Confidential designation is made, the court reporter shall be directed to

4    place a notation on the cover of the transcript stating that it contains

5    Confidential Material, and such notation shall be affixed to each copy of

6    the transcript in the possession, custody or control of the Parties and non-

7    parties to the Litigation who are permitted access to such Confidential

8    Material pursuant to Paragraph 10 hereof. A party shall designate specific

9    portions of deposition transcripts as Confidential only if it believes in good

10   faith that such Material satisfies the criteria specified in Paragraph 3.  If it

11   comes to a party's attention that information or items that it designated for

12   protection do not qualify for protection, or do not qualify for the level of

13   protection initially asserted, that party must notify all other parties that it is

14   withdrawing the mistaken designation.   If a party claims that any

15   deposition exhibit is Confidential, the parties shall have the opportunity to

16   meet and confer about the specific information contained therein which is

17   Confidential, and the party marking the document as an exhibit shall have

18   the opportunity to submit a redacted document, if possible, so as to avoid a

19   Confidential designation.   All depositions and other pre-trial testimony

20   shall be treated as Confidential in their entirety, and shall not be submitted

21   to any court except as provided in Paragraph 12 below, until the expiration

22   of the final date for giving written notice of confidentiality as provided in

23   this paragraph.

24   For documents that have been produced or transcripts that have been transcribed

25   prior to the Stipulation having been approved by the Court, the Parties shall have thirty

26   (30) days thereafter in which to designate any documents or transcripts as Confidential.

27           6.     If, at any time after producing a document or information, the

28   Designating Party determines that certain Material should have been designated as

AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER   (C 06-2064 JW)

Confidential, the Designating Party shall promptly provide a replacement copy of the Material bearing a Confidential designation to the Party or Parties to whom the document or information was produced or in the case of Material produced electronically or via originals or third parties, shall clearly identify which specific document or information should have been designated as Confidential, at which time the Material will be deemed Confidential.  The other Parties shall promptly return the undesignated Material (and all copies thereof) to the Designating Party after receiving the replacement Confidential Material, unless such undesignated Material was previously incorporated into court filings.  In the event that the Material subsequently designated as Confidential has been previously incorporated into a court filing, the portion of the court filing incorporating such Material need not be returned but shall be designated Confidential or otherwise placed under seal in accordance with this Stipulation.

7.      Nothing in this Stipulation shall require disclosure of material that is protected by the attorney-client privilege or work-product immunity or other applicable protection.  Inadvertent production of any document or thing which any party later discovers should not have been produced because of a privilege or immunity shall not be deemed to waive any such privilege or immunity.  Any party may, upon discovery of inadvertent production, request the return of any such document.  Upon any party's request, the possessing party shall within three days return to the Designating Party the inadvertently produced document and all copies thereof and shall expunge from any other document or material information derived from the inadvertently produced document.

8.      A Party shall not be obligated to challenge the propriety of a designation of Material as Confidential at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Any Party may in good faith object to the designation of any Material as Confidential or to the limitations as to the use and disclosure of such information, by providing written notice of such objections to the Designating Party.  The grounds for any objections shall be stated with reasonable particularity.  The Parties and affected non-parties shall thereafter attempt to resolve such

1   dispute in good faith on an informal basis.  If the dispute cannot be resolved within fifteen

2   (15) days, the Designating Party may, within ten (10) days thereafter, apply to the Court,

3   on reasonable notice, for an order upholding the designated status or limitation as to the

4   use and disclosure of such information, as the case may be.  The failure to do so shall

5   result in the withdrawal of the designation.  At all times, the burden of proof in any court

6   proceeding shall remain on the Party designating the Confidential Material.  At all times,

7   the parties shall also endeavor to resolve any disputes as to confidentiality designations in

8   good faith and amicably.

9            9.      Materials designated as Confidential shall not be given, shown,

10  made available or communicated in any way (in whole or in part) except to the following

11  persons:

12                  (a)     Counsel of record to the Parties in the Litigation and

13          attorneys, paralegals and other support staff employed by such counsel or

14          retained by the Parties;

15                  (b)     The Parties, including current and former directors,

16          officers and employees of the Parties in connection with Permissible Uses

17          and only to the extent reasonably necessary to aid counsel in conducting

18          the Litigation;

19                  (c)     Witnesses or deponents (and their counsel) during

20          the course of and to the extent necessary in preparation for testimony in the

21          Litigation;

22                  (d)     Witnesses, potential witnesses, deponents, or other

23          parties when the Confidential Material was authored by, directed to, or

24          expressly makes reference to said party;

25                  (c)     Experts or consultants (and their counsel) and

26          employees of such experts or consultants retained or consulted by the

27          Parties in connection with Permissible Uses in the Litigation;

28                  (d)     This Court and Court personnel, including

AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER   (C 06-2064 JW)

1   specifically the Court's law clerks, court reporters and the Clerk of the

2   Court;

3           (e)     Any outside vendors retained by the Parties to

4   perform any photocopying, computer imaging, data processing, court

5   reporting or other similar clerical services in the Litigation, but only for so

6   long as is necessary to perform such services;

7           (f)     Any person who is indicated on the face of a

8   document to have been an author, addressee or recipient thereof;

9           (g)     Any mediator(s) agreed upon by the Parties or

10  directed by the Court to conduct a mediation of the claims asserted in this

11  Litigation; and

12          (h)     Any other person upon order of the Court, after

13  notice and a hearing, or upon written consent of the Designating Party or

14  non-party.

15          10.     Each person – excluding counsel of record and attorneys, paralegals

16  and support staff employed by such counsel or retained by the Parties, the Court, and

17  Court personnel – given access to Confidential Material pursuant to Paragraph 9 hereof,

18  shall be (in advance of being given access to such Confidential Material) (a) advised that

19  (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this

20  Stipulation and may not be disclosed other than pursuant to the terms hereof and (ii) the

21  failure to abide by the terms hereof may be punishable as a contempt of Court, and (b)

22  required to sign the Acknowledgment and Agreement to be Bound attached hereto as

23  Exhibit A.

24          11.     In the event that any Party hereto or a recipient of Confidential

25  Materials pursuant to Paragraph 9 hereof shall receive a subpoena, civil investigative

26  demand or other form of legal process (the "Discovery Request") from any non-party

27  (including, without limitation, any party to any action other than the Litigation, or any

28  state, federal or foreign investigative, regulatory or administrative body or agency)

seeking the production of Confidential Material, the party receiving the Discovery Request shall promptly disclose such fact to the Designating Party and shall not disclose any Confidential Material in response thereto without first providing the Designating Party a reasonable opportunity to seek appropriate protective treatment or other relief. The party receiving the Discovery Request shall immediately provide the Designating Party with telephonic and written notice of the Discovery Request and shall immediately send a copy of the Discovery Request to the Designating Party by facsimile and/or overnight mail.  It shall be the obligation of the Designating Party to obtain an order from the appropriate Court to preclude or restrict production of any Confidential Material requested pursuant to the Discovery Request. The party receiving the Discovery Request shall continue to abide by the terms of this Stipulation and maintain the confidentiality of any Confidential Material sought by the Discovery Request unless and until either (a) the Designating Party consents to the production of Confidential Material pursuant to the Discovery Request, (b) the party receiving the Discovery Request is directed to produce the Confidential Material by a Court having competent jurisdiction over the dispute and the parties thereto, or (c) the Designating Party has failed to obtain an order from the appropriate Court to preclude or restrict production of any Confidential Material requested pursuant to the Discovery Request by the date for compliance stated in the Discovery Request.  The party receiving the Discovery Request shall not impede or inhibit the Designating Party from seeking relief from an appropriate Court.

12.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material.  A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.

13.     In the event additional parties are joined or permitted to intervene in this Litigation, they shall be bound by the terms of this Stipulation.

14.     Nothing herein shall prevent any counsel of record from using any Confidential Material on direct or cross-examination or during oral argument at any

AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER   (C 06-2064 JW)

evidentiary hearing or trial, so long as, in advance of any evidentiary hearing or trial where it is reasonably anticipated that Confidential Material will be disclosed, the Parties will meet and confer to ensure that the confidential nature of such Confidential Material will be protected, including a Party or the Parties seeking additional protective relief from the Court in connection with such hearing or trial.  The Parties reserve the right to seek additional protective relief from the court in connection with any such hearing or trial.

15.     Nothing herein shall be deemed or construed to restrict or prejudice in any manner:

(a)     the right of any Party or non-party, including without limitation, any customer of HVB, to assert that certain information is so highly confidential as not to be subject to discovery;

(b)     the right of any Party or non-party to resist or object to the production of documents or disclosure of information on any other grounds;

(c)     the right of any Party to contest another Party's or non-party's basis for designating Material as Confidential;

(d)     the right of any Party or non-party to seek additional protective relief with respect to any document or information sought in the course of discovery or otherwise;

(e)     the right of any Party to object to the admissibility, authenticity, relevance or use of any Confidential Material at any hearing or trial;

(f)     the right of any Party to seek to compel additional discovery; or

(g)     the right of any Party to seek modification or other relief from the Court with respect to any or all of the provisions of this Stipulation.

16.     Aside from the exceptions and limitations herein, nothing shall

AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER   (C 06-2064 JW)

restrict the right of any Party or non-party to use his, her or its own documents or information designated as Confidential Material for any purpose whatsoever, except that nothing shall be construed herein to relieve HVB from its obligations, if any, under applicable law, to maintain the confidentiality of Mr. Rezner's personal financial information.

17.     Nothing herein shall be deemed or construed as a waiver of any applicable privilege or protection, right of privacy or proprietary interest with respect to any Confidential Material.

18.     The provisions of this Stipulation shall continue to be binding throughout and after the final determination of this Litigation, including without limitation any appeals therefrom.  Within 45 days after receiving notice of the entry of a final, non-appealable order or decree terminating and disposing of this Litigation, all Parties and non-parties having received Confidential Material shall, absent a Court order or agreement of the Parties, either return all Confidential Material, including any copies thereof, to the Designating Party or, alternatively, destroy all such Material and certify in writing that such Material has been destroyed. This shall not apply to depositions, including transcripts and deposition exhibits.  The certification shall confirm that counsel has destroyed all documents within its possession as well as, to the extent possible, documents that have been provided to others in accordance with this Stipulation.   Notwithstanding the foregoing: (a) counsel (including in-house counsel) for the parties shall be entitled to retain for their files a set of all pleadings, motion papers, court filings, discovery requests, expert reports, mediation briefs and exhibits, hearing and trial transcripts (including exhibits) and attorney work product (including legal research) which incorporate, contain or refer to any Confidential Material, as well as the Parties' own attorney-client privileged correspondence and communications, provided that such materials remain subject to the terms and conditions of this Stipulation; (b) the Parties may retain working copies of Confidential Material containing tax or financial information necessary for their continued business operations and obligations to state, federal and foreign regulatory and

administrative agencies; and (c) to the extent subpoenaed or produced in another litigation, the Parties may retain copies of Confidential Materials as necessary for purposes or record-keeping in that Litigation.

19. Neither the termination of the Litigation, nor the termination of employment of any person who has had access to any Confidential Material, shall relieve such person of his or her obligations hereunder, which shall survive.

20. This Order may be modified by written agreement of the affected Parties without further order of the Court.

Dated: March 20, 2008

Helen L. Duncan
Joseph H. Park
FULBRIGHT & JAWORSKI LLP


_____/S/_____
Joseph H. Park
Attorneys for HVB Defendants

Dated: March 20, 2008

William M. Lukens
Jennifer L. Jonak
LUKENS LAW GROUP


_____/S/_____
Jennifer L. Jonak
Attorneys for Plaintiff Rezner

IT IS SO ORDERED:

Dated: _____March 20_____, 2008

_____
THE HON. RICHARD SEEBORG
United States Magistrate Judge

AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER   (C 06-2064 JW)

## EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued by the United States

District Court for the Northern District of California on [date] in the case of <u>Rezner v.</u>

<u>Bayerische Hypo- und Vereinsbank AG, *et al.*</u>, Case No. 06-2064 JW (RS).  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

Date: _____

City and State: _____

Printed Name: _____

Signature: _____

AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER   (C 06-2064 JW)