KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
William M. Goodman (SBN 61305)
Mark P. Ressler (admitted *pro hac vice*)
Ronald R. Rossi (admitted *pro hac vice*)
Trevor J. Welch (admitted *pro hac vice*)
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

Attorneys for Defendants
Bayerische Hypo-Und Vereinsbank AG
and HVB U.S. Finance, Inc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| JOHN C. REZNER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BAYERISCHE HYPO-UND VEREINSBANK AG, a corporation; HVB STRUCTURED FINANCE, INC., a corporation; and DOES ONE through THIRTY, inclusive,<br><br>Defendants. | CASE NO. C-06-2064-JW<br><br>**HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH B. NELSON, CPA [REDACTED]**<br><br>Date:   May 4, 2009<br>Time:   TBD<br>Dept.:  8, 4th Floor<br>Judge:  Hon. James Ware<br><br>Trial:  May 19, 2009 |

# TABLE OF CONTENTS

Page

Preliminary Statement .................................................................................................................. 1

Argument ...................................................................................................................................... 2

I.    Plaintiff Has Not "Conclusively Established" His "Out-Of-Pocket" Losses Or His Theoretical "Investment Return," And HVB Has "Conceded" Neither ................ 2

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

Conclusion ................................................................................................................................. 10

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

i

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON    Case No. C-06-2064-JW

# TABLE OF AUTHORITIES

Page

**Cases**

*350 W.A. LLC v. Chubb Group of Ins.*,
  2008 U.S. Dist. LEXIS 2848 (S.D. Cal. Jan. 15, 2008) ............................................. 9

*Andrews v. Metro N. C. R. Co.*, 882 F.2d 705 (2d Cir. 1989) ............................................. 5

*Ballou v. Henri Studios, Inc.*, 656 F.2d 1147 (5th Cir. 1981) ............................................. 5

*Burkhart v. Washington Metro. Area Transit Auth.*,
  112 F.3d 1207 (D.C. Cir. 1997) ............................................. 7

*Cagle v. Cooper Cos.*, 318 F. Supp. 2d 879 (C.D. Cal. 2004) ............................................. 4, 5

*Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156 (9th Cir. 1992) ............................................. 9

*DCD Programs, Ltd. v. Leighton*, 90 F.3d 1442 (9th Cir. 1996) ............................................. 6, 7, 8

*Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*,
  232 Fed. Appx. 676 (9th Cir. 2007) ............................................. 5

*Heffelfinger v. Electronic Data Systems Corp.*,
  580 F.Supp.2d 933 (C.D. Cal. 2008) ............................................. 3

*Heston v. City of Salinas*,
  2007 U.S. Dist. LEXIS 96095 (N.D. Cal. Mar. 30, 2007) ............................................. 6

*In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717 (3d Cir. Pa. 1994) ............................................. 9

*Jones v. Halekulani, Inc.*, 557 F.2d 1308 (9th Cir. 1977) ............................................. 3

*Koito Mfg. Co., LTD. v. Turn-Key-Tech, LLC*,
  2003 U.S. Dist. LEXIS 27580 (S.D. Cal. 2003) ............................................. 7

*Morrison v. Walker*, 404 F.2d 1046 (9th Cir. 1968) ............................................. 3

*Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875 (8th Cir. Mo. 1998) ............................................. 5

*Nimely v. City of New York*, 414 F.3d 381 (2d Cir. 2005) ............................................. 5

*Pogue v. Diabetes Treatment Ctrs. Of America, Inc.*,
  474 F. Supp. 2d 75 (D.D.C. 2007) ............................................. 3

*Reliance Ins. Co. v. Doctors Co.*,
  299 F.Supp.2d 1131 (D. Hawaii 2003) ............................................. 3

*Sebastian Int'l, Inc. v. Russolillo*,
  2005 U.S. Dist. LEXIS 45828 (C.D. Cal. Feb. 23, 2005) ............................................. 6

ii

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON            Case No. C-06-2064-JW

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111

*Snap-Drape, Inc. v. Commissioner*, 98 F.3d 194 (5th Cir. 1996) ........................................................ 9

*Turner v. Burlington Northern Santa Fe R.R.*,
  338 F.3d 1058 (9th Cir. 2003) ............................................................................................................ 9

*United States v. Barnard*, 490 F.2d 907 (9th Cir. Cal. 1973) .............................................................. 5

*United States v. Mende*, 43 F.3d 1298 (9th Cir. 1995) ........................................................................ 5

*United States v. Mirama Ent., Inc.*,
  2002 U.S. Dist. LEXIS 28205 (S.D. Cal. 2002) ................................................................................ 7

*Wang v. Hsu*, 1991 U.S. Dist. LEXIS 4398 (N.D. Cal. 1991) ........................................................... 10

**Rules**

FED. R. CIV. PROC. 26 ............................................................................................................................ 3

FED. R. EVID. 403 .................................................................................................................................. 5

FED. R. EVID. 702 .................................................................................................................................. 5

FED. R. EVID. 703 .................................................................................................................................. 8

iii

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON         Case No. C-06-2064-JW

Defendants Bayerische Hypo-Und Vereinsbank AG and HVB U.S. Finance, Inc. (together, "HVB") submit this memorandum in opposition to plaintiff John C. Rezner's motion *in limine* (the "Motion" or "Mtn.") to preclude certain testimony of HVB's expert witness, Joseph B. Nelson, proffered to rebut the testimony to be offered by plaintiff's putative damages expert, Jon D. Wheeler, which in any event, should be excluded at trial.[1]

**Preliminary Statement**

Plaintiff does not challenge Nelson's impressive qualifications. *See* Ressler Decl., Exh. A, Nelson Report at 3-5 and Exh. C thereto (Nelson's CV).[2] Nor does plaintiff challenge Nelson's methodologies, analyses or the data on which he relies. Indeed, plaintiff does not even challenge the substance of Nelson's opinions. Instead, plaintiff seeks to preclude certain aspects of Nelson's rebuttal expert opinion based on a grab-bag of groundless arguments, including: (i) the false assertion that HVB has "conceded" the very "facts" Nelson will be offered to rebut; and (ii) that Nelson's reliance on the opinion of a fellow testifying expert in formulating one narrow element of his opinion is somehow improper. Plaintiff's quibbles are utterly meritless.

The true purpose of plaintiff's motion is to divert attention from the rank deficiencies in the proffered testimony by Wheeler, plaintiff's damages expert, by affirmatively challenging Nelson's testimony. Plaintiff seeks to preclude the following testimony by Nelson, all of which is offered specifically to rebut Wheeler's testimony concerning plaintiff's alleged damages:



---

[1] HVB separately filed a Motion to Exclude or Limit Testimony of Jon D. Wheeler on April 20, 2009 (the "Wheeler Motion") and Motion *In Limine* No. 5 To Preclude Evidence Of Damages That Are Not Recoverable on April 6, 2009 (the "Damages MIL"). HVB respectfully suggests that plaintiff's instant motion should be read and evaluated together with HVB's Wheeler Motion and Damages MIL. Ressler Decl. Exh. B, Exh. C.

[2] Citations herein to "Ressler Decl." refer to the declaration of Mark P. Ressler submitted in opposition to Plaintiff's Motion *In Limine* To Preclude Certain Testimony Of Joseph B. Nelson, filed April 20, 2009.

1

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON                    Case No. C-06-2064-JW



All of this testimony would be moot if Wheeler's opinions are excluded, as they should be, for the reasons set forth in HVB's Motion to Exclude or Limit Testimony of Jon D. Wheeler, dated April 20, 2009. However, in the event that Wheeler is permitted to express one or more of his flawed opinions at trial, Nelson's relevant and reliable testimony should be admitted to counter Wheeler's opinions. As established below, none of plaintiff's grounds to preclude Nelson's testimony have any merit. Accordingly, plaintiff's motion should be denied.

## Argument

### I. Plaintiff Has Not "Conclusively Established" His "Out-Of-Pocket" Losses Or His Theoretical "Investment Return," And HVB Has "Conceded" Neither

Plaintiff contends that Nelson should be precluded from offering any opinion concerning plaintiff's alleged "out-of-pocket" losses and his "loss of use of those funds" on the ground that they have been "conclusively established for the purposes of this action" by plaintiff's motion for partial summary judgment. Mtn. at 4. That is wrong. Plaintiff has not "established" anything, and HVB has conceded nothing.

Plaintiff does not cite a shred of testimony, a single document or any other type of evidence "establishing" his assertions. Instead, plaintiff cites exclusively to his own summary judgment briefs, in which he asserts that he sustained out-of-pocket losses "in the amount of

2

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON         Case No. C-06-2064-JW

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

Motion for Partial Summary Judgment ("MPSJ") at 30-31.) Plaintiff's summary judgment brief, in turn, cites nothing but the two-page report of plaintiff's own expert, Wheeler. *Id., citing* MPSJ at 30-31. It is well-settled, however, that the report of a testifying expert has zero evidentiary value. *See, e.g., Pogue v. Diabetes Treatment Ctrs. Of America, Inc.*, 474 F. Supp. 2d 75, 80 (D.D.C. 2007) ("Rule 26(a)(2) expert disclosure is neither testimony nor a pleading [and] is not meant to be admissible as evidence").

Furthermore, there is absolutely no authority for plaintiff's remarkable proposition that HVB's supposed failure to contest a stray recitation of his expert's unsubstantiated and unreliable opinion in a brief "conclusively establishe[s]" his alleged damages. Not surprisingly, none of the cases cited by plaintiff even remotely suggest that there is any such authority.[3] Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the proper mechanism to respond to an opposing party's expert report is to proffer a rebuttal expert report. That is precisely what HVB did and was entitled to do.[4]

As shown below, the balance of plaintiff's scattershot attacks on Nelson's expert rebuttal opinions concerning plaintiff's out-of-pocket losses or theoretical investment return are equally

---

[3] Both *Reliance Ins. Co.* and *Heffelfinger* are inapposite because, in those cases, the party failed to address dispositive legal arguments -- not factual contentions -- raised by the moving party. *Heffelfinger v. Electronic Data Systems Corp.*, 580 F.Supp.2d 933, 966 (C.D. Cal. 2008) ("although EDS argues both prongs [of the "duties test"] in its motion and reply, plaintiffs did not address them in their opposition"); *Reliance Ins. Co. v. Doctors Co.*, 299 F.Supp.2d 1131, 1154 (D. Hawaii 2003) ("motion for reconsideration is not a proper mechanism for presenting new legal theories that the movant failed to raise with respect to the underlying motion for summary judgment"). Plaintiff does not identify any legal argument, let alone a dispositive argument, that HVB supposedly failed to address in opposing plaintiff's motion for partial summary judgment. Motion at 4-5. *Morrison* and *Jones* are likewise inapposite. *Morrison v. Walker*, 404 F.2d 1046, 1049 (9th Cir. 1968) (citing local rule no longer in effect that has no current analogue); *Jones v. Halekulani, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977) ("uncontradicted affidavits establish[ed]" fact, as opposed to expert report as issue here).

[4] Plaintiff's contention that HVB made "judicial admissions" at the hearing on his motion for partial summary judgment is baseless. Motion at 5. HVB reserves the right to offer a further response if and when plaintiff submits a transcript of that hearing to the Court.

3

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON                Case No. C-06-2064-JW

baseless. Accordingly, the jury should be permitted to consider Nelson's expert opinions on these issues.[5]

### A.  A 9.5% Rate Of "Lost Profits" Is Rank Speculation

Wheeler intends to opine that plaintiff is entitled to damages for the investment return plaintiff claims he could have earned had he not participated in the CARDS transaction. Wheeler asserts that such a return would have been 9.5% annually. Even assuming that the application of anything other than the statutory pre-judgment interest rate were permissible or appropriate – and it is not[6] -- a "9.5% rate of return on alternative investments during the period from 2001 through 2009 is unsupportable, unreliable and not professionally credible." Ressler Decl. Exh. A, Nelson Report, at 26-27.



Nelson's challenge to Wheeler's methods, calculations and the reliability of the data upon

---

[5] Although Nelson's written report identifies many of the reasons why Wheeler's proffered testimony is unreliable and irrelevant, Nelson does not intend to offer his opinion as to standards of admissibility.

[6] *See* Ressler Decl., Exh. B, Wheeler Motion at 15-16.

4

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON                                    Case No. C-06-2064-JW

which Wheeler relies is "classic rebuttal expert testimony." *Cagle v. Cooper Cos.*, 318 F. Supp. 2d 879, 898 (C.D. Cal. 2004) ("testimony regarding the reliability and applicability of Defendants' studies is admissible under Fed. R. Evid. 702").[7] To the extent the Court permits the jury to consider an alternative to the statutory pre-judgment interest rate, Nelson's challenge to Wheeler's opinion concerning plaintiff's putative investment return is plainly relevant to the proper calculation of damages, which is not "substantially outweighed" by any purported confusion or prejudice. Mtn. at 2. Under FRE 403, the risks of admission "must not merely outweigh the probative value of the evidence, but *substantially* outweigh it." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (emphasis in original); *see also Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*, 232 Fed. Appx. 676, 678 (9th Cir. 2007) ("[e]xclusion of relevant evidence pursuant to Rule 403 is "an extraordinary remedy to be used sparingly"") (citation omitted); *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981) ("unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material"). Accordingly, unless the Court precludes all evidence of an alternative to the statutory pre-judgment interest rate, the Court should not preclude Nelson's expert rebuttal opinion concerning plaintiff's putative historical investment return.



---

[7] The cases cited by plaintiff are not to the contrary (Motion at 3) because the expert testimony at issue was directed at the credibility of <u>percipient</u> witnesses, not an opposing expert witnesses. *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005) (expert "opinion as to the tendencies of police officers to lie" improper); *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 882 (8th Cir. Mo. 1998) (expert testimony concerning "psychiatric credibility" of percipient witness improper); *United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. Cal. 1973) (expert testimony that "sociopath who would lie when it was to his advantage" improper). *Andrews v. Metro N. C. R. Co.*, is simply inapposite. Id., 882 F.2d 705, 710 (2d Cir. 1989) (precluding testimony of "inexperienced layman posing as a railroad expert" who "made his own law").

5

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON                    Case No. C-06-2064-JW

is not in dispute. For this reason alone, Wheeler's opinion in this regard should be excluded. *See Sebastian Int'l, Inc. v. Russolillo*, 2005 U.S. Dist. LEXIS 45828, at *25-26 (C.D. Cal. Feb. 23, 2005) (excludable error for damages expert to fail to distinguish between damages allegedly caused by defendant's conduct and damages caused by independent factors); *see Heston v. City of Salinas,* 2007 U.S. Dist. LEXIS 96095, at *5 (N.D. Cal. Mar. 30, 2007) ("Expert testimony is not admissible if it is speculative").

[redacted]

Plaintiff contends that Nelson's calculation of the interest should be precluded because it "needlessly complicates the case and improperly attempts to contradict Plaintiff's conclusively established out-of-pocket losses." Motion at 7. Plaintiff is wrong on both counts. First, as established above, plaintiff's contention that the total amount of "out-of-pocket losses" have been "conclusively established" is baseless. Second, the amount of interest plaintiff paid HVB on his CARDS loan is not recoverable as a matter of law. *See DCD Programs, Ltd. v. Leighton*, 90 F.3d 1442, 1451 (9th Cir. 1996) (interest payments do not "qualify as either out-of-pocket or consequential damages").[9] As a result, Nelson's calculation of the interest plaintiff paid to HVB does not "needlessly complicate" the case. Motion at 7. To the contrary, it is essential to the proper calculation of any damages. Accordingly, the jury should be permitted to consider Nelson's expert opinion concerning the quantum of interest plaintiff paid HVB on his CARDS loan.

---

[9] *See also* Ressler Decl., Exh. B, Wheeler Motion at 5-9. [remainder redacted]

6

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON                    Case No. C-06-2064-JW

**C. The $443,750 In Fees Plaintiff Allegedly Paid To myCFO And Chenery Is Unsubstantiated**

[Lines 3–11 redacted]

There is no credible argument, much less a legitimate reason, to preclude Nelson's opinion that Wheeler's calculation of plaintiff's alleged "out-of-pocket" losses is unreliable. Again, HVB has not "conceded" that plaintiff paid these amounts. Indeed, in opposing plaintiff's motion for partial summary judgment, HVB expressly asserted that plaintiff "has been unable to produce documents to verify the accuracy of the amount of the 'fees' he reported to the IRS." *See* Ressler Decl., Exh. G, HVB's Opposition to Plaintiff's Motion for Partial Summary Judgment at 8. Moreover, a rebuttal expert's opinion regarding the reliability of an opposing expert's methodology and data is admissible and relevant to assist the jury in assessing the weight to be afforded the opposing expert's opinion. *See, e.g., Koito Mfg. Co., LTD. v. Turn-Key-Tech, LLC*, 2003 U.S. Dist. LEXIS 27580, at * 5 (S.D. Cal. 2003) (rebuttal expert testimony properly addressed opposing expert's "selection of data for the calculation process"); *United States v. Mirama Ent., Inc.*, 2002 U.S. Dist. LEXIS 28205, at * 8 (S.D. Cal. 2002) (sufficiency of data supporting expert opinion relevant to weight of expert opinion).[10] Accordingly, the jury should be

---

[10] Plaintiff's contention that Nelson should not be permitted to opine with respect to the "standards of admissibility" is an irrelevant diversion. Mtn. at 2. As plaintiff repeatedly concedes, "an expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied." *Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212-1213 (D.C. Cir. 1997); Mtn. at 2, 4. HVB does not intend to offer at trial any testimony by Nelson concerning the legal standards themselves.

permitted to consider Nelson's expert opinion concerning the fees plaintiff allegedly paid to myCFO and Chenery.

### II. There Is No Basis To Preclude Nelson's Opinion That Plaintiff Cannot Recover $15,125,412 In Taxes Paid

Wheeler includes in his damages calculation all of the taxes that plaintiff paid when the IRS disallowed the tax loss generated by the CARDS transaction. The law does not permit plaintiff to recover <u>any</u> of the Taxes Paid as "damages," and Nelson's rebuttable opinion will be unnecessary if Wheeler's irrelevant testimony with regard to Taxes Paid is excluded, as it should be.[11]

However, assuming Wheeler is permitted to offer testimony with respect to the Taxes Paid, Nelson intends to opine at trial that Wheeler improperly included <u>all</u> Taxes Paid in his damages calculation on the incorrect assumption that the CARDS transaction could have functioned as a

[REDACTED]

Wheeler's essential premise is false. "At best," had it been allowed by the IRS, the CARDS transaction would have functioned as a "vehicle for deferring taxes, [not] a vehicle for eliminating taxes." Ressler Decl. Exh. D, Nelson Tr. at 223. As a result, Nelson concluded, and is expected to opine at trial, that plaintiff cannot legitimately claim damages for the allegedly missed opportunity to eliminate his tax liability -- *i.e.*, the gross amount of Taxes Paid -- because the

---

[11] Taxes are not recoverable as a matter of settled law in this Circuit. *DCD Programs, Ltd. v. Leighton*, 90 F.3d 1442, 1451 (9th Cir. 1996) (interest payments do not "qualify as either out-of-pocket or consequential damages"). *See* Wheeler Motion at 5-9.

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON    Case No. C-06-2064-JW

1  CARDS transaction would not have achieved that result even had it survived IRS scrutiny.
2  Ressler Decl., Exh D, Nelson Tr. at 221.[12]

3
4  Plaintiff seeks to preclude this aspect of Nelson's rebuttal opinion on the ground that he is
5  "not qualified to render any opinion as to the tax consequences of the CARDS transaction."
6  Motion at 8; *see also id.* at 2. But plaintiff misconstrues the nature of Nelson's opinion. Nelson is
7  not offering a tax opinion. Ressler Decl., Exh. D, Nelson Tr. at 222 ("I'm not opining as to the
8  transaction itself. That was the tax expert[]'s expertise"). Rather, Nelson is offering a damages
9  opinion premised, in part, on the expert opinion of HVB's tax expert, Alan J. Dlugash, concerning
10 the tax attributes of the CARDS transaction. Specifically, Nelson relies on Dlugash for the narrow
11 proposition that the CARDS transaction "was a tax deferral vehicle, not a tax elimination vehicle."
12 Ressler Decl. Exh. D, Nelson Tr. at 131-132; *see also id.* at 138 ("it could never function as a tax
13 elimination vehicle."); *id.* at 220, 336.[13]

14 Plaintiff's contention that Nelson's reliance on a fellow expert is somehow improper,
15 unreliable, or even unusual, is meritless. It is well-settled under Rule 703 of the Federal Rules of
16 Evidence that "experts are permitted to rely on the reports and opinions of other experts where
17 those reports are of a type "reasonably relied upon by experts in the particular field." *350 W.A.*
18 *LLC v. Chubb Group of Ins.*, 2008 U.S. Dist. LEXIS 2848, at *8 (S.D. Cal. Jan. 15, 2008) (quoting
19 Fed. R. Evid. 703).[14] Damages experts, like Nelson, routinely rely on tax experts, like Dlugash, in



---

[14] Plaintiff's reliance on *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717 (3d Cir. Pa. 1994) is misplaced as it pre-dates the December 2000 amendment to FRE 703. *See Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1061 (9th Cir. 2003). *Snap-Drape, Inc. v. Commissioner*, 98 F.3d 194 (5th Cir. 1996) is likewise inapposite. Unlike the experts in *Snap-Drape, Inc.*, Dlugash is not offering a legal opinion concerning the Tax Code. *Id.* at 198. Rather, Dlugash shared his opinion with Nelson concerning the tax attributes of a specific transaction, which is well within the boundaries of proper expert opinion. *See, e.g., Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1160 (9th Cir. 1992)

9

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON                    Case No. C-06-2064-JW

1  analyzing damages. *See, e.g., Wang v. Hsu*, 1991 U.S. Dist. LEXIS 4398, at *145 (N.D. Cal.
2  1991) ("It was reasonable for [an expert] to rely on [an accounting firm] for this kind of [tax]
3  information in forming her opinion, per FRE Rule 703"). Here, Nelson testified that it was
4  ████████████████████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████████████████
7  █████████████████████████████████████████████████████████████
8  ██ ████████████████████████████████████████████
9  concerning the recoverability of the Taxes Paid.

## Conclusion

For the foregoing reasons, plaintiff's motion *in limine* to preclude certain testimony of HVB's rebuttal expert witness concerning damages should be denied.

DATED: April 27, 2009         Respectfully Submitted,

                              KASOWITZ BENSON TORRES & FRIEDMAN LLP
                              By:   /s/ Mark R. Ressler

                              William M. Goodman (SBN 61305)
                              Mark P. Ressler (admitted *pro hac vice*)
                              Ronald R. Rossi (admitted *pro hac vice*)
                              Trevor J. Welch (admitted *pro hac vice*)
                              101 California Street, Suite 2050
                              San Francisco, CA 94111
                              Telephone: (415) 421-6140
                              Facsimile: (415) 398-5030

                              Counsel to Bayerische Hypo-Und Vereinsbank AG
                              and HVB U.S. Finance, Inc.

---

(reversing summary judgment based on, among other things, testimony of "tax expert . . . who explained that [defendant] could obtain a tax deferral on [certain] settlement proceeds").

█████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████

10

HVB'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
TO PRECLUDE CERTAIN TESTIMONY OF JOSEPH P. NELSON                Case No. C-06-2064-JW

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2050
SAN FRANCISCO, CALIFORNIA 94111