IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| John Rezner, | NO. C 06-02064 JW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STAY ENFORCEMENT OF STIPULATED JUDGMENT** |
| v. | |
| Bayerische Hypo-Und Vereinsbank AG, et al., | |
| Defendants. | |

Presently before the Court is Defendant HVB's Motion to Stay Enforcement of Stipulated Judgment. (Docket Item No. 419.) Defendant moves to stay enforcement of the parties' Stipulated Judgment pending its appeal to the United States Court of Appeals for the Ninth Circuit. Defendant seeks a stay without posting a supersedeas bond or, alternatively, by issuing to Plaintiff a standby letter of credit. Plaintiff opposes staying execution of the judgment absent posting a bond. (Docket Item No. 427.)

Under Federal Rule of Civil Procedure 62(d), an appellant may obtain a stay from enforcement of a judgment "by posting a supersedeas bond acceptable to the court." See Matter of Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979). The bond also serves to compensate the prevailing party "for delay in the entry of the final judgment." See N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). The district

1  court has discretion to stay execution of a judgment without security or with an alternate form of
2  security.  See Federal Prescription Serv., Inc. v. American Pharm. Ass'n, 636 F.2d 755, 761 (D.C.
3  Cir. 1980); Telemeter v. Hamlin Int'l Co., 754 F.2d 1492, 1495 (9th Cir. 1985).  However,
4  ordinarily the bond is computed to include the whole amount of the judgment remaining unsatisfied.
5  Poplar Grove, 600 F.2d at 1191.

6  Upon review of the parties' positions, the Court finds it appropriate to stay execution of the
7  judgment pending appeal, provided Defendant posts a supersedeas bond in the amount of
8  $18,125,000.00, which is 125% of the value of the judgment.  Accordingly, the Court GRANTS in
9  part and DENIES in part Defendant's Motion to Stay Enforcement of Stipulated Judgment.  The
10 Court will order a stay once the Court approves a supersedeas bond posted by Defendant in the
11 amount of $18,125,000.00.

12 On or before **September 3, 2009**, Defendant shall post a bond in the above amount and a
13 proposed Order for Stay in Execution of the Stipulated Judgment for the Court's approval.

15 Dated:  August 3, 2009

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Allen Ruby ruby@allenrubylaw.com
Allyson Stacy Taketa ataketa@fulbright.com
Christopher Casey John McNamara cmcnamara@kasowitz.com
Jennifer Lee Jonak jenny@jonak.com
Joseph Hanho Park jpark@fulbright.com
Mark P. Ressler mressler@kasowitz.com
Melissa Mac Pherson mmacpherson@fulbright.com
Michelle Lee Landry mlandry@kasowitz.com
Ronald R. Rossi rrossi@kasowitz.com
Tarifa B Laddon tladdon@fulbright.com
William M. Goodman wgoodman@kasowitz.com
William M. Lukens wlukens@lukenslaw.com

**Dated: August 3, 2009**           **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers**
       **Elizabeth Garcia**
       **Courtroom Deputy**