UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN N. REZNER,

    Plaintiff,

    v.

HVB AMERICA, INC., et al.,

    Defendants.

Case No. 06-cv-02064-VC

**ORDER DENYING MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 575

## I.  RICO Claim

The motion to dismiss Plaintiff John Rezner's claim brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO") is denied.

Under RICO, "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court" for civil damages. 18 U.S.C. § 1964(c).

> To state a civil claim for a RICO violation under 18 U.S.C. § 1962(c), a plaintiff must show (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. To have standing under civil RICO, Rezner is required to show that the racketeering activity was both a but-for cause and a proximate cause of his injury. Proximate causation for RICO purposes requires some direct relation between the injury asserted and the injurious conduct alleged.

*Rezner v. Bayerische Hypo-Und Vereinsbank AG* (*Rezner I*), 630 F.3d 866, 873 (9th Cir. 2010) (citations and internal quotation marks omitted).

The defendants (collectively, "HVB") have moved to dismiss on the ground that Rezner has failed to plausibly allege that HVB's wrongful conduct proximately caused his asserted injury—Rezner's payment of over $4 million in fees to enter into the Custom Adjustable Rate Debt Structure ("CARDS") transaction. The Ninth Circuit's proximate cause analysis "focus[es] on three nonexhaustive factors" to determine whether a RICO plaintiff's asserted injury is "too remote to allow recovery:"

> (1) whether there are more direct victims of the alleged wrongful conduct who can be counted on to vindicate the law as private attorneys general; (2) whether it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct; and (3) whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries.

*Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1169 (9th Cir. 2002).

In *Rezner I*, while there was "no dispute that HVB defrauded the United States through CARDS," the Ninth Circuit held that "HVB's fraudulent activity towards the United States did not cause Rezner's injury." 630 F.3d at 873. However, in *Rezner v. Unicredit Bank AG* (*Rezner II*), 585 F. App'x 548 (9th Cir. 2014), the Ninth Circuit clarified that, while it had held, "in *Rezner I*, that Rezner could not rely on the injury to the United States to establish proximate cause," this holding did not preclude Rezner from potentially pursuing a RICO claim against HVB under some alternate theory of proximate causation. *Id.* at 549.

In his Fourth Amended Complaint, Rezner alleges that (1) HVB and its co-conspirators made a number of false representations about the nature of the CARDS transaction, including concealing the fact that CARDS was illegal; (2) the misrepresentations were made with the intent to induce him to enter into the transaction so that HVB and its co-conspirators could reap the fees associated with CARDS; and (3) were it not for these misrepresentations, he would not have entered into the CARDS transaction. FAC ¶¶ 89–92. These allegations do not rest on HVB's fraudulent conduct towards the United States; they rest on distinct fraudulent conduct directed at Rezner himself. To be sure, the conspirators' alleged fraudulent conduct towards Rezner (the misrepresentations about the nature and legality of CARDS) and Rezner's asserted corresponding injury (Rezner's payment of large fees to enter into the transaction) is closely related to the conspirators' admitted fraudulent conduct towards the United States (their participation in the creation of illegal tax shelters) and United States' corresponding injury (the loss of tax revenue). But unlike the conspirators' fraudulent conduct towards the United States, there is no more direct victim than Rezner of the conspirators' alleged fraudulent representations to him. Nor would it be particularly difficult to ascertain the amount of the Rezner's damages attributable to the alleged

misrepresentations. And Rezner's claim does not appear to require the Court to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries.[1]

In the face of this, HVB argues that Rezner is barred from pursuing his fraud theory for essentially procedural reasons. He argues that the Ninth Circuit's decision in *Rezner II* stands for the proposition that Rezner should not be permitted to pursue any RICO claim that is not based on some "new evidence" or "new theory" that had not been presented by the time *Rezner II* was decided. Or to put it another way, HVB seems to contend that *Rezner II* stands for the proposition that the prior versions of Rezner's complaints never encompassed anything other than his unsuccessful theory of RICO liability based on an injury to the government, meaning that any alternative theory of RICO liability must be supported by new evidence or articulated in some new way. That is wrong for two reasons.

First, HVB has chosen to file a motion to dismiss the RICO claim, rather than filing a motion for summary judgment. To the extent HVB now contends that Rezner has failed to satisfy some requirement that he present "new evidence," HVB has precluded the Court from considering any new evidence by filing a motion that limits consideration to the pleadings.

---

[1] HVB's argument that Rezner has failed to adequately allege proximate causation relies heavily on two recent Supreme Court cases, *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) and *Hemi Grp., LLC v. City of New York, N.Y.*, 559 U.S. 1 (2010). In both of these cases, the Court held that a plaintiff could not establish that the defendant's alleged conduct proximately caused the plaintiff's harm. Both cases turned on the fact that the plaintiff's theory of causation was too indirect to satisfy the proximate cause requirement, at least in part based on the existence of a more direct victim of the defendant's alleged fraudulent conduct. In *Anza*, the plaintiff brought a RICO claim against a direct competitor. The plaintiff argued that it had been harmed because the defendant's tax fraud lowered the defendant's overall costs, which in turn allowed it to lower its prices, giving it a competitive advantage over the plaintiff. 547 U.S. at 458. In *Hemi*, the City of New York bought a RICO claim against cigarette retailers. The City argued that

> Hemi committed fraud by selling cigarettes to city residents and failing to submit the required customer information to the State. Without the reports from Hemi, the State could not pass on the information to the City, even if it had been so inclined. Some of the customers legally obligated to pay the cigarette tax to the City failed to do so.

559 U.S. at 2. In contrast, here, assuming the truth of Rezner's allegations, there was a "direct and easily identifiable connection" between the fraudulent conduct directed towards him by HVB and its co-conspirators and Rezner's asserted harm. *See id.* at 3.

3

Second and more fundamentally, *Rezner II* does not stand for the proposition that Rezner was required, after the *Rezner II* decision, to articulate some new theory, one that he hadn't previously articulated in his complaint, to avoid outright dismissal of his RICO claim. *Rezner II* (as well as *Rezner I*) merely stand for the proposition that if Rezner wished to pursue a RICO claim against HVB, his only chance to do so would be on something other than the theory that the RICO conspiracy injured the United States. This alternative theory—that, while HVB and its co-conspirators defrauded the United States, they also directed separate and distinct fraudulent conduct towards Rezner—has always been embedded in Rezner's complaints. But HVB has never obtained a court ruling about that theory, so there is no reason to believe that *Rezner I* or *Rezner II* precludes him from pursuing it now.

HVB's only substantive argument for dismissal of the RICO claim is that the alleged conspiracy is not plausible because Rezner's financial adviser, myCFO, received more fees from the allegedly fraudulent transaction than any actual member of the conspiracy. But this doesn't render Rezner's RICO claim implausible. While a plaintiff must include in his complaint sufficient factual allegations to cross the "line between possibility and plausibility," "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 556 (2007). The Ninth Circuit has held that where "there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). It is plausible that HVB and its alleged co-conspirators successfully defrauded Rezner even while his financial advisor collected a large fee.

## II.  UCL Claim

HVB's motion for summary judgment on Rezner's claims under California's Unfair Competition Law ("UCL") is denied.

On July 19, 2012, Judge Ware granted summary judgment in favor of HVB on Rezner's UCL claim. Docket No. 542. In *Rezner II*, the Ninth Circuit vacated this grant of summary

4

1   judgment and remanded for reconsideration in light of the California Supreme Court's decision in

2   *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 291 P.3d 316 (Cal. 2013).

3   *Rezner II*, 585 F. App'x at 549.

4       At the time Judge Ware granted summary judgment in HVB's favor on this claim, Rezner's

5   RICO claim had been dismissed with prejudice. Judge Ware's determination that HVB was

6   entitled to summary judgment was therefore premised upon Rezner's inability to establish

7   justifiable reliance in support of his UCL claim. But the Court has now ruled that Rezner may go

8   forward with his RICO claim. And HVB has not sought summary judgment on the RICO claim

9   based on a lack of evidence to support a conclusion that Rezner relied on the misrepresentations

10  made to him by the conspirators. The RICO claim, if successful, could establish a violation of the

11  "unlawful" prong of the UCL. *See Saunders v. Superior Court*, 33 Cal. Rptr. 2d 438, 441 (Ct.

12  App. 1994) ("The 'unlawful' practices prohibited by section 17200 are any practices forbidden by

13  law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made.").

14      Moreover, "'[t]he general rule [is] that when a court vacates an order previously entered,

15  the legal status is the same as if the order never existed.'" *Animal Legal Def. Fund v. Veneman*,

16  490 F.3d 725, 730 (9th Cir. 2007) (quoting *United States v. Jerry*, 487 F.2d 600, 607 (3d Cir.

17  1973)). So although the reason the Ninth Circuit vacated Judge Ware's order was that it had relied

18  on cases that were subsequently overruled by *Riverisland*, the Court is obliged to consider anew

19  Rezner's entire UCL claim. In granting summary judgment in HVB's favor, Judge Ware adopted

20  the reasoning of *Sussex Financial Enterprises, Inc. v. Bayerische Hypo-Und Vereinsbank AG*, No.

21  08-4791 SC, 2010 WL 2867724, at *10 (N.D. Cal. July 20, 2010), *aff'd*, 460 F. App'x 709 (9th

22  Cir. 2011). *See* Docket No. 542 at 5–6. There, the court held that the parol evidence rule

23  prevented Sussex from establishing justifiable reliance on HVB's alleged extracontractual promise

24  to renew the CARDS loans because this promise directly contradicted a the terms of the agreement

25  between Sussex and HVB. *Sussex*, 2010 WL 2867724, at *14. But here, a central aspect of

26  Rezner's UCL claim is the alleged misrepresentations made by HVB's co-conspirators, who were

27  not a party to the agreement between Rezner and HVB, but whose misrepresentations could render

28  HVB liable. The parol evidence rule has no bearing on these alleged misrepresentations.

1   Accordingly, the Court denies HVB's motion for summary judgment on Rezner's UCL
2 claim.

### III.  Specific Claims for Damages

Because the Ninth Circuit has "reject[ed] the . . . argument that interest paid to the IRS may qualify as either out-of-pocket or consequential damages," *DCD Programs, Ltd. v. Leighton*, 90 F.3d 1442, 1451 (9th Cir. 1996), the Court grants HVB's motion as to these damages. But HVB's arguments for summary judgment on the remaining challenged categories of damages are inadequately presented in its motion to allow the Court to conclude that any of these categories are unavailable to Rezner as a matter of law.  Accordingly, the Court denies HVB's motion on these damages claims.  The Court will address these categories of damages when it rules on the jury instructions for damages (at or near the close of evidence).

**IT IS SO ORDERED.**

Dated:  April 6, 2015

VINCE CHHABRIA
United States District Judge