UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN N. REZNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HVB AMERICA , INC., et al.,<br><br>　　　　Defendants. | Case No. 06-cv-02064-VC<br><br>**PRETRIAL ORDER** |

　　　　The presentation of evidence will be limited to a total of 24 hours (12 hours per side).

　　　　Rezner's first motion in limine, to exclude the testimony of three experts on procedural grounds, is denied so long as HVB makes them available for deposition. Rezner may present rebuttal experts so long as he discloses rebuttal expert reports no later than two days after the experts are deposed. HVB is not entitled to depose the rebuttal experts.

　　　　Rezner's second motion in limine, to exclude the testimony of Yale and Anastasi, is denied without prejudice to raising the matter again during trial.

　　　　Rezner's third motion in limine is taken under submission. The Court will issue a written ruling on this motion, and on HVB's first motion in limine, some time after April 30, 2015. If the parties wish to propose a stipulation that would obviate the need to present the jury with the documents that are the subject of this motion and HVB's first motion in limine, they must do so by April 30, 2015.

　　　　Rezner's fourth motion in limine, to exclude reference to the settlement agreements, is granted.

　　　　Rezner's fifth motion in limine, to exclude generalized reference to his financial condition, is granted, with the caveat that HVB may submit evidence of Rezner's financial condition at or

around the time of the CARDS transaction that is helpful to understanding that transaction.

Rezner's sixth motion in limine is granted with the same conditions on which his first motion in limine is denied.

HVB's first motion in limine is taken under submission, as explained above.

HVB's second motion in limine, to preclude argument that Rezner's alleged injury was caused by the cancellation of the loan, is granted, with the caveat that Rezner may present evidence of the cancellation of the loan to the extent it is relevant to his argument that HVB or its conspirators fraudulently induced him to enter into the transaction.

HVB's third motion in limine, to allow it to present evidence of and argument about Rezner's involvement in BLIPs, is denied.

HVB's fourth motion in limine, to preclude Rezner from arguing that HVB or its co-conspirators targeted Rezner for the CARDS transaction, is denied.

HVB's fifth motion in limine, to exclude Wheeler's testimony about the opportunity Rezner lost to make 9.5 percent on his $4 million, is taken under submission. The Court will have a Daubert hearing on either the afternoon of May 6 or the afternoon of May 11, at the plaintiff's election. The parties should file simultaneous briefs, not to exceed 15 pages, on this issue by May 1, 2015. The briefs should include a discussion of whether Rezner is permitted seek these damages in the first place.

**IT IS SO ORDERED.**

Dated: April 22, 2015

VINCE CHHABRIA
United States District Judge